Mr. Justice Clark,
whom Mr. Justice Harlan joins,
dissenting.
The Court strikes down, as unconstitutionally vague, two Acts of the State of Washington. The first, the Act of 1955, requires every state employee to swear or affirm that he is not a “subversive person” as therein defined. The second, the Act of 1931, which requires that another oath be taken by teachers, is declared void without the benefit of an opinion of either a state or federal court. I dissent as to both, the first on the merits, and the latter, because the Court refuses to afford the State an opportunity to interpret its own law.
I.
The Court says that the Act of 1955 is void on its face because it is “unduly vague, uncertain and broad.” The Court points out that the oath requires a teacher to “swear that he is not a subversive person: that he is not one who commits an act or who advises, teaches, abets or advocates by any means another person to commit or aid in the commission of any act intended to overthrow or alter, or to assist the overthrow or alteration, of the constitutional form of government by revolution, force or violence.” The Court further finds that the Act declares the Communist Party to be a subversive organization. From these premises, the Court then reasons that under the 1955 Act “any person who aids the Communist Party *513 or teaches or advises known members of the Party is a subversive person” because “at some future date” such teaching may aid the activities of the Party. This reasoning continues with the assertion that “one cannot confidently assert that his counsel, aid, influence or support which adds to the resources, rights and knowledge of the Communist Party or its members does not aid the Party ... in furtherance of the stated purpose of overthrowing the Government by revolution, force, or violence.” The Court then interrogates itself: Does the statute reach “endorsement or support for Communist candidates for office? ... a lawyer who represents the Communist Party or its members? . . . [defense of the] constitutional rights of the Communist Party or its members ... [or support of] any cause which is likewise supported by Communists or the Communist Party?” Apparently concluding that the answers to these questions are unclear, the Court then declares the Act void, citing Cramp v. Board of Public Instruction, 368 U. S. 278 (1961). Let us take up this reasoning in reverse order.
First, Cramp is not apposite. The majority has failed to recognize that the statute in Cramp required an oath of much broader scope than the one in the instant case: Cramp involved an oath “that I have not and will not lend my aid, support, advice, counsel or influence to the Communist Party . . . .” That oath was replete with defects not present in the Washington oath. As Mr. Justice Stewart pointed out in Cramp:
“The provision of the oath here in question, it is to be noted, says nothing of advocacy of violent overthrow of state or federal- government. It says nothing of membership or affiliation with the Communist Party, past or present. The provision is completely lacking in these or any other terms susceptible of objective measurement.” At 286.
*514 These factors which caused the Court to find the Cramp oath unconstitutionally vague are clearly not present in the Washington oath. Washington’s oath proscribes only the commission of an act of overthrow or alteration of the constitutional form of government by revolution, force or violence; or advising, teaching, abetting or advocating by any means another person to commit or aid in the commission of any act intended to overthrow or alter or to assist the overthrow or alteration of the constitutional form of government by revolution, force or violence. The defects noted by the Court when it passed on the Cramp oath have been cured in the Washington statute.
It is strange that the Court should find the language of this statute so profoundly vague when in 1951 it had no such trouble with the identical language presented by another oath in Gerende v. Board of Supervisors of Elections, 341 U. S. 56. There, the constitutionality of Maryland’s Ober Law, written in language identical to Washington’s 1955 Act, was affirmed by a unanimous Court against the same attack of vagueness. It is unfortunate that Gerende is overruled so quickly.* Other state laws have been copied from the Maryland Act — -just as Washington’s 1955 Act was — -primarily because of our approval of it, and now this Court would declare them void. Such action cannot command the dignity and respect due to the judicial process. It is, of course, absurd to say that, under the words of the Washington Act, *515 a professor risks violation when he teaches German, English, history or any other subject included in the curriculum for a college degree, to a class in which a Communist Party member might sit. To so interpret the language of the Act is to extract more sunbeams from cucumbers than did Gulliver’s mad scientist. And to conjure up such ridiculous questions, the answers to which we all know or should know are in the negative, is to build up a whimsical and farcical straw man which is not only grim but Grimm.
In addition to the Ober Law the Court has also found that other statutes using similar language were not vague. An unavoidable example is the Smith Act which we upheld against an attack based on vagueness in the landmark case of Dennis v. United States, 341 U. S. 494 (1951). The critical language of the Smith Act is again in the same words as the 1955 Washington Act.
“Whoever knowingly or willfully advocates, abets, advises, or teaches the duty, necessity, desirability, or propriety of overthrowing or destroying the government of the United States . . . .” 18 U. S. C. § 2385. (Emphasis supplied.)
The opinion of the Court in Dennis uses this language in discussing the vagueness claim:
“We agree that the standard as defined is not a neat, mathematical formulary. Like all verbaliza-tions it is subject to criticism on the score of indefiniteness. . . . We think [the statute] well serves to indicate to those who would advocate constitutionally prohibited conduct that there is a line beyond which they may not go — a line which they, in full knowledge of what they intend and the circumstances in which their activity takes place, will well appreciate and understand.” At 515-516.
*516 It appears to me from the statutory language that Washington’s 1955 Act is much more clear than the Smith Act. Still the Court strikes it down. Where does this leave the constitutionality of the Smith Act?
II.
Appellants make other claims. They say that the 1955 Act violates their rights of association and free speech as guaranteed by the First and Fourteenth Amendments. But in light of Konigsberg v. State Bar of California, 366 U. S. 36 (1961); In re Anastaplo, 366 U. S. 82 (1961); Adler v. Board of Education, 342 U. S. 485 (1952); Garner v. Board of Public Works, 341 U. S. 716 (1951); and American Communications Assn. v. Douds, 339 U. S. 382 (1950), this claim is frivolous. Likewise in view of the decision of Washington’s highest court that tenured employees would be entitled to a hearing, Nostrand v. Little, 58 Wash. 2d 111, 131, 361 P. 2d 551, 563, the due process claim is without foundation. This conclusion would also apply to those employees without tenure, since they would be entitled to a hearing under Washington’s Civil Service Act, Rev. Code Wash. § 41.04 et seg. and its Administrative Procedure Act, Rev. Code Wash. § 34.04.010 et seq.
III.
The Supreme Court of Washington has never construed the oath of allegiance required by the 1931 Act. I agree with the District Court that Washington’s highest court should be afforded an opportunity to do so. As the District Court said:
“The granting or withholding of equitable or declaratory relief in federal court suits which seek to limit or control state action is committed to the sound discretion of the court. Accordingly, in the absence *517 of a concrete factual showing that any plaintiff or any member of the classes of state employees here represented has suffered actual injury by reason of the application of the oath of allegiance statute (Chapter 103, Laws of 1931) this court will decline to render a declaratory judgment as to the constitutionality of that statute in advance of an authoritative construction by the Washington Supreme Court.” 215 F. Supp. 439, 455.
For these reasons, I dissent.

It has been contended that the crucial section of Maryland’s Ober Act, that which is identical to the Washington Act, was not before the Court in Gerende, but a review of the record in that case conclusively demonstrates to the contrary. Further, while the Gerende opinion was stated with a qualification, the fact remains that the Court approved the judgment of the Maryland court and rejected the argument that the Act was unconstitutionally vague.